UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELIZABETH R HICKMAN,

    Plaintiff,
v.

FIRST STEP GROUP, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ELIZABETH R HICKMAN, ("Plaintiff") files this Complaint against Defendant, FIRST STEP GROUP, LLC, ("First Step Group"), a foreign limited liability corporation, and as grounds therefore, would show the Court as follows:

## NATURE OF ACTION

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against First Step.

2. Plaintiff also alleges violations of the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Venue in this jurisdiction is proper because First Step falsely attempted to collect a debt in this jurisdiction that it had no legal right to do so. Additionally, First Step improperly contacted Plaintiff who was represented by counsel.

## PARTIES

4.  Plaintiff Elizabeth R Hickman is a natural person and citizen of the State of Florida, residing in Monroe County, Florida.

5.  Defendant First Step Group, LLC is a Minnesota corporation with a principal place of business located at 6300 Shingle Creek Parkway, Suite 220, Brooklyn Center, Minnesota 55430, is a debt collector as defined by the FDCPA, who attempts to collect debts within the State of Florida.

## FACTUAL ALLEGATIONS

6.  On or about August 30, 2013, the Law Firm of John C. Bonewicz wrote a letter to Plaintiff, on behalf of the Creditor, CACH, LLC, informing Plaintiff that the Creditor will accept a lump sum payment of $2,750.00 as settlement for Plaintiff's debt of $13,616.55 (the "Debt") *See* Exh. "A," Letter from John C. Bonewicz, P.C. dated August 30, 2013.

7.  Plaintiff accepted the Creditor's offer.

8.  On August 30, 2013, the undersigned counsel, on behalf of Plaintiff wired $2,750.00 as full and final settlement of the Plaintiff's Debt. *See* Exh. "B," Wire confirmation.

9.  As a result of Plaintiff's acceptance of CACH, LLC's offer, Plaintiff's satisfaction of all terms and conditions of the offer, and CACH, LLC's acceptance of Plaintiff's payment, the Debt was therefore settled.

10. On April 3, 2015, five hundred and eighty days later after the Debt had been settled, First Step Group, LLC, on behalf of the very same Creditor who settled the debt, mailed Plaintiff a letter at her personal address regarding Plaintiff's account, where First Step states:

> Dear Elizabeth Hickman,
>
> THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A

DEBT, BECAUSE OF THE AGE OF YOUR DEBT, CACH, LLC WILL NO [sic] SUE YOU FOR IT, AND CACH, LLC WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY.

Your account has been sold and assigned to our client, CACH, LLC. This office has been hired to collect the above balance that you owe our client. This is a demand for payment of your outstanding obligation.

In making this demand, we are relying on information provided by our client.

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon written request within the thirty-day period we will provide you with the name and address of the original creditor, if different from the current creditor.

If you have any questions or would like to make payment arrangements on the account, please call us toll-free at 1.855.666.9147.

Sincerely,

First Step Group, LLC

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**CALLS TO AND FROM FIRST STEP GROUP, LLC MAY BE MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

*See* Exh. "C," Letter dated April 3, 2015 (emphasis included in the original).

11.  According to the letter sent by First Step, Plaintiff's current balance is $10,866.55, which is the original balance less the amount paid and agreed upon to settle Plaintiff's Debt.

12. First Step's sending of the letter to Plaintiff is an attempt to collect on the Debt, which was previously settled by the very same Creditor, in violation of the Fair Debt Collection Practices Act.

## COUNT I – VIOLATION OF THE FDCPA – FALSE OR MISLEADING REPRESENTATION

13. Plaintiff repeats the allegations set forth in paragraphs 1 through 11 above as if fully restated herein.

14. First Step's actions constitute a false or misleading communication in violation of 15 U.S.C. § 1692e(2) in that First Step is asserting that the Plaintiff was obligated to pay $10,866.55, despite the fact that the creditor agreed to accept $2,750.00 as settlement in full.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against First Step for damages, attorney's fees, litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

## COUNT II – VIOLATION OF FDCPA – COMMUNICATION AFTER KNOWLEDGE OF COUNSEL

15. Plaintiff repeats the allegations set forth in paragraphs 1 through 11 above as if fully restated herein.

16. First Step's actions constitute improper communications with a consumer with knowledge that the consumer is represented by counsel in violation of 15 U.S.C. § 1692c(a)(2).

17. First Step wrote a letter directly to Plaintiff on April 3, 2015 – after the date on which it had knowledge of undersigned's representation of Plaintiff or could readily ascertain undersigned's representation of the Plaintiff.

18. Particularly, First Step's knowledge that the Debt was settled, and that Plaintiff was represented by counsel, is evidenced by the fact that the amount sought in First Step's letter

indicated the original balance less the amount Plaintiff paid to settle in full the Debt, and because said payment was wired from the undersigned's trust account.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against First Step for damages, attorney's fees, litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

### COUNT III – VIOLATION OF FCCPA

19. Plaintiff repeats the allegations set forth in paragraphs 1 through 11 above as if fully restated herein.

20. This is an action for damages for violation of the FCCPA. Fla. Stat. §§ 559.55-559.785.

21. First Step's actions constitute a claim, attempt, and threat to enforce a debt when First Step knows that the Debt is not legitimate as the Debt has already been settled. Fla. Stat. § 559.72(9).

22. As a direct and proximate result of First Step's actions, Plaintiff have sustained damages as defined by Section 559.77 of the Florida Statutes, including, but not limited to, emotional distress and fear, embarrassment, damage to her reputation and credit worthiness, and other damages.

23. Plaintiff has retained the undersigned counsel for the purposes of pursuing this matter against First Step and is obligated to pay said counsel a reasonable fee for their services. The FCCPA provides for an award of attorney's fees should Plaintiff prevail in this matter. Fla. Stat. § 559.77(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against First Step for damages, attorney's fees, litigation expenses and costs of suit, and such

other relief or further relief as the Court deems proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable as a matter of right.

Dated: May 12, 2015.

                                          Respectfully Submitted,

                                        **WITES & KAPETAN, P.A.**
                                        Attorneys for Plaintiff
                                        4400 North Federal Highway
                                        Lighthouse Point, FL   33064
                                        954-570-8989
                                        954-354-0205 (fax)

                                        By: */s/ Marc A. Wites*
                                                  MARC A. WITES
                                                  Fla. Bar No. 24783
                                                  mwites@wklawyers.com
                                                  CHAD J. ROBINSON
                                                  Fla. Bar No. 56922
                                                  crobinson@wklawyers.com